IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOVAR SNOW PROFESSIONALS, INC., | )<br>)<br>) |
| *Plaintiff,* | )<br>) No. 20 C 1060<br>) |
| v. | ) Judge Virginia M. Kendall<br>) |
| ACE AMERICAN INSURANCE COMPANY, | ) Magistrate Judge Jeffrey<br>) Cummings<br>) |
| *Defendant.* | ) |

## **MEMORANDUM OPINION AND ORDER**

On October 1, 2019, Plaintiff Tovar Snow Professionals, Inc. ("Tovar") filed a breach of contract action in the Circuit Court of Cook County against Defendant ACE American Insurance Company ("ACE") regarding insurance coverage of a diesel fuel release during a front-end loader refueling. (Dkt. 17-2 at 4–20). ACE filed a notice of removal on February 13, 2020 under 28 U.S.C. §§ 1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1). In response, Tovar filed the instant Motion to Remand under 28 U.S.C. § 1447(c), arguing that ACE's removal was untimely. (Dkt. 16; Dkt. 17). Opposing remand, ACE alleges removal was timely. (Dkt. 30 at 1). ACE further moves to strike Tovar's argument that ACE was formally served on November 4, 2019 as waived by first being raised on reply. (Dkt. 32 at 1). ACE's motion to strike is granted and Tovar's motion to remand is denied.

The events relevant to this motion involve Tovar's attempts to serve ACE. The "Service of Suit Endorsement" section of the ACE policy states "service of process in such suit may be made upon the Claims Manager, or his nominee, at 525 W. Monroe Street, Suite 400, Chicago, Illinois 60661." (Dkt. 17-2 at 145). The Circuit Court of Cook County issued summons on October 2, 2019 for the 525 W. Monroe location. (Dkt. 17-3). According to Tovar, when the Sheriff's Deputy attempted service on October 25, 2019 at the 525 W. Monroe location, someone told him "via lobby phone" that all summons for ACE needed to go to "208 S. LaSalle Suite 814." (Dkt. 17 at 3). On November 4, 2019, Tovar alleges the Sheriff's Deputy served the complaint and summons at 208 S. LaSalle, the address of CT Corporation, and then filed an affidavit of service. (Dkt. 17 at 3; Dkt. 17-2 at 75, 149). CT Corporation subsequently informed Tovar on December 30, 2019 that their "statutory representation services were discontinued" and that process was returned as undeliverable. (Dkt. 17-2 at 77). On

December 12, 2019, Tovar alerted ACE to the difficulties they faced effectuating service but ACE's counsel claimed they had no record of receiving service and had not been authorized to accept service on ACE's behalf. (Dkt. 17 at 4). Tovar procured an Alias Summons on December 26, 2019 which was served on ACE through the Illinois Director of Insurance on January 14, 2020. (Dkt. 1; Dkt. 17 at 5).

Turning first to ACE's motion to strike, it is "well-settled that arguments fist made in the reply brief are waived." *Billhartz v. C.I.R.*, 794 F.3d 794, 801 n. 4 (7th Cir. 2015) (quoting *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007)). Timeliness is a waivable defense to removal. *See Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981); *see also, e.g., Zala v. Lady Foot Shoe Ctrs. of Am., Inc.*, No. 85 C 4945, 1985 WL 3132 (N.D. Ill. Oct. 11, 1985). Tovar argues on reply that ACE was formally served on November 4, 2019. (Dkt. 31 at 7). The remaining question is whether Tovar made such an argument in its opening brief as well. Tovar did not.

To be sure, some language in the opening brief suggests that Tovar argues ACE was formally served on November 4, 2019. Tovar alleges that the Sheriff's Deputy "served the Defendant" and "filed a Sheriff's Office of Cook County Affidavit of Service in the Circuit Court of Cook County" on November 4, 2019 but that ACE denied "receipt of service after it was effectuated." (Dkt. 17 at 3–4; 8). Other language in Tovar's opening brief, in concert with the brief's "dispositive question," demonstrate that instances in which Tovar refers to the November 4, 2019 events as "service" are merely rhetorical. First, Tovar characterizes ACE's alleged representation that it would accept service at CT Corporation as a "falsehood" which "prevented service." (Dkt. 17 at 6–7). Second, in its opening brief, Tovar offers either October 25, 2019 or December 12, 2019 as the appropriate tolling date for the thirty-day removal period. (Dkt. 17 at 7). It is not until Tovar's reply brief that November 4, 2019 is offered as a triggering date for the removal period. (Dkt. 31 at 2). Third, the "dispositive question" of Tovar's motion to remand is "whether a defendant who wrongfully frustrates service can then later remove a case to federal court." (Dkt. 17 at 1; Dkt. 31 at 2). In its opening brief, Tovar argues that ACE's alleged efforts to thwart service should not allow ACE to delay the tolling of the removal period, not that ACE was properly served on November 4, 2019. As Tovar raised this latter argument first on reply, it is waived. ACE's motion to strike is granted.

Next, the Court turns to the ultimate issue of whether ACE's removal was timely. 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) establish the standards governing the time for removing an action to federal court. Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed thirty days after the receipt by the defendant, through service or otherwise, of

a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b)(1). The thirty-day deadline to remove is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347–48. Tovar's appeal to a "frustration" exception to the *Murphy* rule is unavailing. The summons is the "*sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights" and the Court is aware of neither binding nor compelling precedent to deviate from this bedrock principle.[1] *Murphy Bros.*, 526 U.S. at 347, 351.

ACE was formally served on January 14, 2020 and timely removed within in the thirty-day deadline on February 13, 2020. (Dkt. 1). Tovar's motion to remand is denied.

## **CONCLUSION**

For the foregoing reasons, ACE's motion to strike is granted and Tovar's motion to remand is denied.

_____
Virginia M. Kendall
United States District Judge

Date: September 23, 2020

---

[1] Tovar's appeal to out-of-circuit precedent for a "frustration" exception in *Waddell v. Nat'l Asset Recovery, Inc.*, No. 08-0250-CV-W-HFS, 2009 WL 10705240 (W.D. Mo. Jan. 28, 2009) is unpersuasive both because it does not control and because ACE offers countervailing and subsequent precedent rejecting a frustration exception in *Infinity Real Estate, LLC v. Deutsche Bank Nat'l Trust Co. for RBSGC 2007-B*, 2:18-cv-00038-JAW, 2018 WL 4204642 (D. Maine Sept. 4, 2018).